# IN THE COURT OF APPEALS OF IOWA

No. 16-1024
Filed August 31, 2016

**IN THE INTEREST OF J.W.G., J.M.G.,
J.J.G., and J.S.G.,
Minor children,**

**A.R., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

A mother appeals the termination of her parental rights to her four children. **AFFIRMED.**

Judith Garnos Huitink (until withdrawal), Sioux City, Matthew R. Metzgar (until withdrawal), Sioux City, and Zachary S. Hindman of Mayne, Arneson, Hisey & Daane, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Marchelle M. Denker of the Juvenile Law Center, Sioux City, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her four children, born in 2006, 2007, 2010, and 2012. She contends: (I) "clear and convincing evidence" does not support "termination under Iowa Code [section] 232.116 [(2015)]," (II) "reasonable efforts were [not] made on [her] behalf," (III) termination was not in the children's best interests, (IV) "the [district court] violated [her] due process rights," and (V) "the rules of evidence . . . were violated."

*I.* The district court terminated the mother's parental rights to the children pursuant to Iowa Code section 232.116(1)(f) and (h) (requiring proof of several elements including proof the children cannot be returned to the parent's custody) and (i) (requiring proof of several elements involving abuse or neglect). The mother does not identify which ground she is challenging. This omission could be construed as a waiver of her argument. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). Nonetheless, we proceed to the merits. We may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are persuaded termination is warranted under subsections (f) and (h).

The district court adjudicated the children in need of assistance in January 2014, based on the father's severe and long-term domestic abuse of the mother, resulting in imminent neglect of the children and a failure to supervise them. The

court allowed the children to remain with their mother under the protective supervision of the department of human services.

Five months later, the court ordered the children removed from the mother's custody based on allegations that the father remained in the home and both parents dealt drugs from the home. The district court confirmed these findings, as well as the mother's use of drugs and alcohol, following a hearing. The court also issued a no-contact order prohibiting interaction between the mother and father.

The mother cooperated with reunification services and actively participated in visits with the children. As a result, the department allowed her to take the older two children to and from school and have overnight visits in her home at least two weekends per month. In time, the department placed the children on an extended home visit and, shortly thereafter, the court ordered them returned to the mother's home.

The reunification was short-lived. Within two months, the district court removed the children again and ordered them placed in foster care based on the mother's arrest for driving offenses that appeared to have compromised the safety of one of the children and a subsequent arrest on an out-of-state felony warrant. The State moved to modify the disposition. Following a hearing at which the mother admitted consuming alcohol to the point of intoxication on the date of the driving incident[1] and admitted to ongoing contact with the father, the district court granted the State's motion. The children remained out of the mother's care for approximately eleven months.

---

[1] She also tested positive for marijuana.

Meanwhile, the mother entered an inpatient substance-abuse treatment facility, where she participated in therapy and programming for several months. A month before the termination hearing, the mother relapsed. She was discharged from the facility for consuming alcohol and being dishonest about it. According to a professional, her ongoing relapse potential was high, given the absence of a "sober" support system.

We conclude the children could not be returned to the mother's custody. The department became involved with the family more than two years before the termination hearing, supported leaving the children with the mother, and supported reunification with her after the first removal. The mother squandered these opportunities to remain with her children. After the second removal, the mother commendably began treatment but relapsed at a crucial time in the proceedings. We affirm the termination of her parental rights pursuant to Iowa Code section 232.116(1)(f) and (h).

*II.* The mother contends the department failed to make reasonable reunification efforts. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The record summarized above belies this assertion. As the district court found,

> [T]he mother has been provided with a myriad of services since the inception of this case. The fact that they are not necessarily the services the mother believes are appropriate does not equate to a lack of reasonable efforts. Point in fact, during the last five months of the case, the mother was provided an intense level of services in being placed at Women's and Children's center, receiving substance abuse treatment, mental health therapy, and therapy regarding co-dependency and gambling addiction. Despite the same, [the mother] has been unable to maintain sobriety and has been unable to address the issues which brought the children to the attention of the Court.

We fully concur in this assessment.

***III.*** The mother argues termination was not in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). While there is no question the mother loved her children, she was not in a position to keep them safe. The oldest child understood this. Her therapist testified the child had a "[v]ery negative" reaction to the prospect of joining her mother at the inpatient facility, let alone permanent reunification, and a "very negative" reaction to joint therapy sessions with her mother. The therapist also noted that "[t]he children were very resistant at times for visitations and were not having a good outcome after some of them." Given the plethora of services afforded the mother over a two-and-a-half-year period and the failed reunification attempt, we conclude the children's best interests were served by termination of the mother's parental rights.

***IV.*** The mother contends her due process rights were violated. She premises her argument on the district court's claimed failure to "set down for hearing" and "rule on" her motions for inpatient treatment and participation in family treatment court. *See In re S.R.*, 548 N.W.2d 176, 177-78 (Iowa Ct. App. 1996) (*quoting Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982)) (requiring State to provide parents with "fundamentally fair procedures" when it petitions to terminate parental rights). In fact, the court addressed these issues following the modification hearing. First, the court found inpatient treatment was recommended, and the court "order[ed] . . . the same." Second, the court noted the mother's request to participate in family treatment court and stated she would have "to initiate a request . . . through the Family Treatment Coordinator." The court explained, "Acceptance into that program would be determined by the

Family Treatment Court Judge." That judge sent a letter stating, "I do not believe that the best interests of these children would be served by their mother's involvement in the Woodbury County Family Treatment Court program."

The district court went to great lengths to accommodate the mother's right to a hearing and presentation of evidence. The court scheduled four days for the termination hearing,[2] allowed the mother to cross-examine the State's witnesses extensively, and permitted her to call multiple witnesses of her own. Due process was served.

**V.** The mother contends the district court violated the rules of evidence by disallowing "rebuttal witnesses." As the district court explained, the witnesses she listed were not rebuttal witnesses because neither the State nor the children's guardian ad litem called additional witnesses following the mother's presentation of evidence. The mother characterized the individuals as "rebuttal" witnesses to circumvent her failure to designate them on her witness lists. The district court disallowed this end-run around the witness-designation deadline. We discern no abuse of discretion in the ruling. *In re J.M.*, No. 00-1122, 2001 WL 194993, at *8 (Iowa Ct. App. Feb. 28, 2001) (stating court did not abuse its broad discretion in allowing rebuttal testimony).

We affirm the termination of the mother's parental rights to her four children.

**AFFIRMED.**

---

[2] The district court afforded the parties significant leeway in presenting their cases, as reflected in the 1114-page termination transcript.